Electronically Filed
8/23/2016 8:49:16 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-3946-16-E

| | | |
|---|---|---|
| CESAR LOZANO and<br>ROCIO LOZANO | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HIDALGO COUNTY, TEXAS |
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY | § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, CESAR LOZANO and ROCIO LOZANO, Plaintiffs herein, who file this their Original Petition against Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and for cause of action, would respectfully show the Court as follows:

### A. Discovery Control Plan

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### B. Parties

2. Plaintiffs, CESAR LOZANO and ROCIO LOZANO are individuals who reside in Hidalgo County, Texas.

3. Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, is a Texas insurance company registered to do business in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Attorney for Service, C T Corporation System, 1999 Bryan St Ste 900, Dallas, TX 75201-3136.

1

**C-3946-16-E**

### C. Jurisdiction

4. This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. This Court has jurisdiction over ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, because Defendant is a citizen of the State of Texas and/or engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

### D. Venue

6. Venue is proper in Hidalgo County, Texas because the insured property is situated in Hidalgo County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

### E. Facts

7. Plaintiffs were the owners of **Texas Homeowners' Policy number 000829808921** issued by Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (hereinafter referred to as "the policy"). Plaintiffs own the insured property (hereinafter referred to as "the property"), which is specifically located at 919 Tampico St., Mission, Texas 78572.

8. Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, sold the policy, insuring the property to Plaintiffs or Plaintiffs' predecessors in interest.

9. Plaintiffs submitted a claim to Defendant with date of loss of March 26, 2015 for damage to the dwelling and contents of the home as a result of a wind and/or hail storm.

Case 7:16-cv-00583   Document 1-5   Filed in TXSD on 09/30/16   Page 3 of 12

Electronically Filed
8/23/2016 8:49:16 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3946-16-E

10. Defendant assigned claim number **0372838524 PRN** to Plaintiffs' claim.

11. Defendant failed to properly adjust the claim and summarily improperly denied the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

12. Defendant improperly denied Plaintiffs' claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiffs.

13. Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendants. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiffs.

14. Defendant misrepresented to Plaintiffs that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Section 541.060(1).

15. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Section 541.060(2).

16. Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire

3

Case 7:16-cv-00583 Document 1-5 Filed in TXSD on 09/30/16 Page 4 of 12

Electronically Filed
8/23/2016 8:49:16 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3946-16-E

losses covered under the policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE Section 541.060(3).

17. Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE Section 541.060(4).

18. Defendant refused to fully compensate Plaintiffs, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE Section 541.060(7).

19. Defendant failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiffs' claim, beginning investigations into Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within fifteen (15) days of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Section 542.055.

20. Defendant failed to accept or deny Plaintiffs' full and entire claim within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Section 542.056.

4

Case 7:16-cv-00583 Document 1-5 Filed in TXSD on 09/30/16 Page 5 of 12

Electronically Filed
8/23/2016 8:49:16 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3946-16-E

21. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for the claim. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Section 542.055.

22. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes breaches of the common law duty of good faith and fair dealing.

23. As a result of Defendant's acts and omissions, Plaintiffs were forced to retain the attorney who is representing Plaintiffs in this cause of action.

24. Plaintiff's experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

Case 7:16-cv-00583 Document 1-5 Filed in TXSD on 09/30/16 Page 6 of 12

Electronically Filed
8/23/2016 8:49:16 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3946-16-E

## F. Causes of Action

### Causes of Action Against Defendant

25. Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the *Texas Unfair Competition and Unfair Practices Act*, *the Texas Prompt Payment of Claims Act*, and intentional breach of good faith and fair dealing.

### G. Breach of Contract

26. Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

27. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes breaches of the insurance contract with Plaintiffs.

### Violations of the Texas Insurance Code

**Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"**

28. Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY's conduct constitutes multiple violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

Electronically Filed
8/23/2016 8:49:16 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3946-16-E

29. Defendant's unfair practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

30. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

32. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

33. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

Case 7:16-cv-00583 Document 1-5 Filed in TXSD on 09/30/16 Page 8 of 12

Electronically Filed
8/23/2016 8:49:16 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3946-16-E

### Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

34. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

35. Defendant's failure, as described above, to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claim. TEX. INS. CODE Sections 542.055-542.060.

36. Defendant's delay of payment of Plaintiffs' claim, as described above, following their receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. TEX. INS. CODE Sections 542.055-542.060.

### Breach of the Duty of Good Faith and Fair Dealing

37. Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

38. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time Defendant knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

C-3946-16-E

## Texas Deceptive Trade Practices Act

39. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiffs also bring each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

40. At all times material hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in the following manners:

    a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    c. Disparaging the goods, services, or business of another by false or misleading representation of facts;

    d. Advertising goods or services with intent not to sell them as advertised;

    e. Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

    f. Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

    g. Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

    h. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

**C-3946-16-E**

  i. Engaging in an unconscionable course of conduct.

### H. Knowledge and Intent

41. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

### I. Damages and Prayer

42. WHEREFORE, PREMISES CONSIDERED, Plaintiffs herein, CESAR LOZANO and ROCIO LOZANO, complain of ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and pray that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiffs recover from Defendant the following:

43. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiffs.

44. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of the claim, together with attorney's fees.

45. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act*, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiffs ask for three times their actual damages. TEX. INS. CODE ANN. Section 541.060.

46. For noncompliance with *Texas Prompt Payment of Claims Act*, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which they may show themselves to be justly entitled.

Case 7:16-cv-00583   Document 1-5   Filed in TXSD on 09/30/16   Page 11 of 12

Electronically Filed
8/23/2016 8:49:16 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3946-16-E

47.     For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

Respectfully submitted,

THE BYRD LAW FIRM, P.C.

_____
Jason M. Byrd
State Bar No. 24036303
Jason@txbyrd.com
448 Orleans
Beaumont, Texas 77701
(409) 924-0660/(409) 924-0035 FAX
ATTORNEY FOR PLAINTIFFS

### JURY DEMAND

Plaintiffs respectfully demand a trial by jury.

_____
Jason M. Byrd

# THE **BYRD** LAW FIRM

HOUSTON I BEAUMONT
Attorneys at Law
www.txbyrd.com

448 Orleans                                                                                         409.924.0660 Telephone
Beaumont, Texas 77701                                                                      409.924.0035 Facsimile

August 23, 2016

Laura Hinojosa
Hidalgo District Clerk
P.O. Box 87
Edinburg, Texas 78539

**RE:** Cause No. **C-3946-16-E** _____; *Cesar Lozano and Rocio Lozano v Allstate Vehicle and Property Insurance Company;* **In the _____ District Court of Hidalgo County, Texas**

Dear Ms. Hinojosa:

Plaintiff hereby demands a Jury Trial.

Sincerely,

Jason M. Byrd
For the Firm

JMB/ms
Enclosures