**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| CESAR LOZANO AND | § | |
| ROCIO LOZANO | § | |
| | § | CIVIL ACTION NO. 7:16-cv-00583 |
| VS. | § | |
| | § | JURY DEMANDED |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER**

COMES NOW **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** and files its First Amended Answer to Plaintiffs' Original Petition and would respectfully show as follows:

**A.  DISCOVERY CONTROL PLAN**

1.      No response is necessary as to Paragraph 1 titled Discovery Control Plan in Plaintiffs' Original Petition.

**B.  PARTIES**

2.      Upon information and belief, Defendant admits the allegations in Paragraph 2 of Plaintiffs' Original Petition.

3.      Defendant Allstate admits that it is a foreign insurance company and has been served with this lawsuit.

**C.  JURISDICTION**

4.      Defendant admits that this court has jurisdiction over this cause of action.

5.      Defendant admits that this court has jurisdiction and venue is proper.

**D.  VENUE**

6.      Defendant admits that this venue is proper.

## E.  FACTS

7.      Defendant admits, upon information and belief that Plaintiffs owned and/or resided in a dwelling located at 919 Tampico St., Mission, Texas.  Defendant admits that it issued a homeowners insurance policy covering the property made the basis of this suit subject to the terms, conditions, duties and exclusions of the policy.

8.      Defendant admits Allstate sold Plaintiffs a policy insuring the property subject to the terms, conditions, duties and exclusions of the policy.

9.      Defendant admits that Plaintiffs submitted a claim for a storm which occurred on March 26, 2015.  Defendant denies the remaining allegations in Paragraph 9 of Plaintiffs' Original Petition.

10.      Defendant admits that a claim number was assigned.

11.      Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Original Petition.

12.      Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Original Petition.

13.      Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Original Petition.

14.      Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Original Petition.

15.      Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Original Petition.

16.      Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Original Petition.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Original Petition.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Original Petition.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Original Petition.

20.     Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Original Petition.

21.     Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Original Petition.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Original Petition.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Original Petition.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Original Petition.

F. Causes of Action

Causes of action Against Defendant

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Original Petition.

G. Breach of Contract

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Original Petition.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Original Petition.

## Violations of the Texas Insurance Code

### Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Original Petition.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Original Petition.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Original Petition.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Original Petition.

32.     Defendant Allstate denies the allegations contained in Paragraph 32 of Plaintiffs' Original Petition.

33.     Defendant Allstate denies the allegations contained in Paragraph 33 of Plaintiffs' Original Petition.

### Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

34.     Defendant Allstate denies the allegations contained in Paragraph 34 of Plaintiffs' Original Petition.

35.     Defendant Allstate denies the allegations contained in Paragraph 35 of Plaintiffs' Original Petition.

36.     Defendant Allstate denies the allegations contained in Paragraph 36 of Plaintiffs' Original Petition.

### Breach of the Duty of Good Faith and Fair Dealing

37.     Defendant Allstate denies the allegations contained in Paragraph 37 of Plaintiffs' Original Petition.

38.     Defendant Allstate denies the allegations contained in Paragraph 38 of Plaintiffs' Original Petition.

### Texas Deceptive Trade Practices Act

39.     Defendant Allstate denies the allegations contained in Paragraph 39 of Plaintiffs' Original Petition.

40.     Defendant Allstate denies the allegations contained in Paragraph 40 and its subparagraphs of Plaintiffs' Original Petition.

### H. Knowledge and Intent

41.     Defendant Allstate denies the allegations contained in Paragraph 41 of Plaintiffs' Original Petition.

### I. Damages and Prayer

42.     Defendant denies that Plaintiffs are entitled to any damages or relief as set out in her prayer of Plaintiffs' Original Petition.

43.     Defendant Allstate denies the allegations contained in Paragraph 43 of Plaintiffs' Original Petition.

44.     Defendant Allstate denies the allegations contained in Paragraph 44 of Plaintiffs' Original Petition.

45.     Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Original Petition.

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Original Petition.

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Original Petition.

## DEFENSES

## J. GENERAL DENIAL

48.     Pursuant to the Federal Rules of Civil Procedure 8(b), Defendant asserts a general denial as to those allegations in Plaintiffs' Original Petition that are not clearly and specifically admitted herein.

## K. BONAFIDE DISPUTE

49.     Defendant would state that a bona fide/legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including violations of the Texas Insurance Code, DTPA or any other statutory or common law authority.

## L. LIMITATION OF LIABILITY

50.     Defendant's liability, if any, is limited to the amount of the policy limits under the subject policy pursuant to the "limit of liability" and other causes contained in the policy sued upon.

## M. POLICY PROVISIONS AND EXCLUSIONS

51.     Plaintiffs' damages claimed in this matter have not yet been defined.  Defendant denies liability for all damages not covered by the policy.  Under the insuring agreement, Plaintiffs must present a claim for accidental direct physical loss to the insured property during

the policy period that is not precluded by the terms, conditions and exclusions of the policy at issue, and for which they have not already been paid.  According to Plaintiffs' petition, she makes a claim for structural damages to the house, contents and other structures.  To the extent Plaintiffs may seek those damages under the policy at issue, said damages are excluded from coverage by the terms of the policy and/or common law.

## N. EXCEPTION(S) WITHIN POLICY

52.    Plaintiffs' loss was due to a risk or cause coming within one or more exceptions or excluded perils under the subject insurance policy including:

1.) Lack of maintenance;

2.) Wear and tear;

3.) Rust, rot, mold or other fungi;

4). Loss resulting from surface water;

5). Loss caused by windstorm, hurricane or hail to personal property contained in a building unless direct force of wind or hail makes an opening in a roof, or wall and rain, snow or dust enters through this opening and causes damage.

6). Loss due to settling, cracking, bulging, shrinkage or expansion.

## O. PRE-EXISTING CONDITIONS

53.    Plaintiffs' alleged damages were a result of pre-existing conditions, which were unrelated to any conduct of Defendant.  Further, Defendant asserts that Plaintiffs' damages if any, occurred prior to the inception of the policy.

## P. FAILURE TO MITIGATE

54.     Plaintiffs failed to take reasonable steps to mitigate all or a portion of the damages they now seek to recover. Plaintiffs' recovery, if any, should be reduced by Plaintiffs and/or Plaintiffs' agents' own comparative negligence/fault.

## Q. CONCURRENT CAUSATION

55.     Defendant asserts the doctrine of concurrent causation as set forth in Texas law. Defendant is liable only for that portion of the loss caused by a covered peril.  The Plaintiffs bear the burden of proof as to which damages were related and which were not related to what Plaintiffs contends are covered damages.

## R. NO DAMAGES

56.     Plaintiffs have suffered no compensable damages as a result of the conduct alleged in the petition, and the Defendant's acts or omissions were neither the producing nor proximate cause of any damages suffered by Plaintiffs.  Plaintiffs' damages, if any, predated the inception of the policy.

## S. COMPARATIVE

57.     Plaintiffs' recovery, if any, should be reduced by Plaintiffs' and/or Plaintiffs' agents' own comparative negligence/fault.

## T. EXCESSIVE DEMAND

58.     Plaintiffs have made an excessive demand, precluding the recovery of attorney's fees in this matter.

## U. OFFSET / CREDIT

59.     Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, for monies previously paid to Plaintiffs under the policy at issue, as well as for the deductible and recoverable depreciation.

## V. DTPA

60.     Defendant denies violations of the DTPA and Texas Insurance Code and further denies knowing violations.   Absent knowing violations of the DTPA and Insurance Code, Plaintiffs are not entitled to mental anguish damages in this case.

## W. CONDITIONS PRECEDENT

61.     Plaintiffs have failed to comply with the conditions of the policy as follows:

**LOSSES WE COVER UNDER COVERAGES A, B, AND C:**

We will cover sudden and accidental direct physical loss to the property described in Dwelling Protection-Coverage A, Other Structures Protection-Coverage B or Personal Property Protection-Coverage C caused by the following, except as limited or excluded in this policy.

(1)     Fire or lightning.

(2)     Windstorm or hail

We do not cover:
1.  Loss to covered property inside a building structure, caused by rain, snow, sleet sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall;

\*\*\*

**SECTION I - CONDITIONS**

3.     **What You Must Do After a Loss.**
In the event of a loss to any property that may be covered by this policy, you must:

1.                Promptly give us or our agent notice.

2.                Protect the property from further loss.

f)   as often as we reasonably require:
1)  show us the damaged property.

g)   within 91 days after the loss, give us a signed, sworn proof of loss. This statement must include the following information:
1)   the date, time, location and cause of the loss;

    2)   the interest insured persons and others have in the property, including any encumbrances;

    3)   the actual cash value and amount of loss for each item damaged, destroyed or stolen;

    4)   any other insurance that may cover the loss;

    5)   any changes in title, use, occupancy or possession of the property that have occurred during the policy period; and

    6)   at our request, the specifications of any damaged building structure or other structure.

We have no duty to provide coverage under this section if you, an insured person or representative of either fail to comply with items a) through g) above, and this failure to comply is prejudicial to us.

\*\*\*

13    **Action Against Us**

No one may bring action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage, or the amount of loss for which coverage is sought, under a coverage to which Section I Conditions applies, unless:

    (a)  There has been full compliance with all policy terms; and

    (b)  The action is commenced within two years and one day from the date the cause of action first accrues.

\*\*\*

# X. EXEMPLARY DAMAGES

62.     By way of further answer herein, Defendant denies that Plaintiffs are entitled to recover punitive damages in this case since Defendant's conduct at all relevant times demonstrated reasonable care. Defendant pleads for limitation of punitive damages under Texas Civil Practice and Remedies Code Section 41.001, et seq., and invokes the procedural safeguards of those statutes as well.

63.     By way of further answer, Defendant states that the standards and instructions regarding punitive damages are inadequate, vague and ambiguous, further violating the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution.

64.     Defendant further states that the correct standard for submitting the burden of proof for punitive damages is "clear and convincing evidence."  Any lesser standard is a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution, and Sec. 41.003 of the Texas Civil Practice and Remedies Code, and that Plaintiffs must obtain a unanimous jury verdict regarding all questions relating to establishing punitive damages.

65.     Defendant would further request a bifurcated trial of this case in accordance with Sec. 41.009 of the Texas Civil Practice and Remedies Code.   Pursuant to this section, Defendant would request bifurcation of the determination of the amount of punitive damages from the remaining issues in the case.

## Y. SEGRAGATION OF DAMAGES

66.     As a specific defense, Defendant asserts it is incumbent on Plaintiffs to segregate the covered damages, if any, due to the wind/hailstorm that reportedly occurred from their non-covered damages, and/or their damages that pre-existed the storm date.

## Z. EXTRA-CONTRACTUAL DAMAGES

67.     Defendant denies any liability to Plaintiffs for alleged extra-contractual damages. Alternatively, Defendant pleads that any award to Plaintiffs of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Texas Civil Practice and Remedies Code, Chapter 41, Texas Insurance Code §541.152 and 542.060.

## AA. INTERVENING CAUSE

68.     As an additional affirmative defense, Defendant asserts that Plaintiffs' damages at issue in this lawsuit are due to intervening, superseding causes wholly unrelated to Defendant and over which Defendant had and exercised no control.

## BB. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs' suit be dismissed at Plaintiffs' cost, that Defendant recover its costs and attorney's fees and for such other and further relief to which this Defendant may be entitled, either at law or in equity.

Respectfully submitted,

BY: _____ /s/ *Rosemary Conrad-Sandoval*
Rosemary Conrad-Sandoval
Attorney-in-charge
State Bar #04709300
Federal ID #13738
Elizabeth Ferguson Herrera
State Bar #24087716
Federal ID #2877535

Of Counsel:

ROERIG, OLIVEIRA & FISHER, L.L.P.
10225 North 10th Street
McAllen, Texas   78504
(956) 393-6300
(956) 386-1625 (Fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant' First Amended Original Answer has been forward via electronic servicing to the Attorney for Plaintiffs, as follows:

Jason M. Byrd
THE BYRD LAW FIRM, P.C.
448 Orleans
Beaumont, Texas 77701

on this 12th day of May, 2017.

*/s/ Rosemary Conrad-Sandoval*
_____
ROSEMARY CONRAD-SANDOVAL